1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SATURN BIOMEDICAL SYSTEMS, INC.,

    Plaintiff,

    v.

AIRCRAFT MEDICAL LIMITED,

    Defendant.

Case No.  C06-0202RSL

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS FOR LACK OF
PERSONAL JURISDICTION

      This matter comes before the Court on "Defendant Aircraft Medical Limited's Motion to Dismiss Plaintiff Saturn Biomedical Systems, Inc.'s First Amended Complaint." Dkt. # 16.  Plaintiff, a Canadian company, has asserted claims for patent infringement and declaratory judgment against defendant, a Scottish company.  Defendant moves to dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12 because (a) the Court lacks personal jurisdiction over defendant; (b) service of process was insufficient; and (c) the complaint fails to state a claim upon which relief can be granted.

      Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

    (1) Plaintiff has the burden of demonstrating that the Court may exercise personal jurisdiction over defendant.  Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002).

Because the Court did not hear testimony or make findings of fact, plaintiff "need only make a prima facie showing of jurisdiction . . . ." Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995).  In evaluating defendant's jurisdictional contacts, the Court accepts uncontroverted allegations in the complaint as true.  AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).  "Conflicts between the parties over statements contained in affidavits must be resolved in plaintiff's favor."  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

(2)  "The district court's determination of a party's amenability to suit is made by reference to the law of the state in which it sits."  Peterson v. Kennedy, 771 F.2d 1244, 1262 n.12 (9th Cir. 1985).  The Washington Supreme Court has held that despite the rather narrow language used in Washington's long-arm statute, RCW 4.28.185, it "extends jurisdiction to the limit of federal due process."  Shute v. Carnival Cruise Lines, 113 Wn.2d 763, 771 (1989).  The Court therefore need determine only whether the exercise of jurisdiction comports with federal constitutional requirements.  Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1404-05 (9th Cir. 1994).

In order to exercise jurisdiction over a non-resident under the federal constitution, plaintiff must show that defendant had "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co v. State of Washington, Office of Unemployment Compensation and Placement, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).  Where specific jurisdiction[1] is alleged:

> (1) [t]he nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws[;] (2) [t]he claim must be one which arises out of or results from the defendant's forum-related activities[; and] (3) [e]xercise of jurisdiction

---

[1]  Plaintiff has not argued that general jurisdiction over defendant exists in this case.

1  must be reasonable.

2  Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995) (citing Data Disc,

3  Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977)).  The "purposeful

4  availment" requirement ensures that a party has sufficient contacts with the forum state to

5  warrant his being haled into court there: "random, fortuitous, or attenuated contacts" are not

6  enough to satisfy the constitutional requirements.  Ziegler, 64 F.3d at 473 (internal quotation

7  marks omitted).

8      (3)  Plaintiff argues that the importation and display of infringing devices in other states,

9  preparations for future sales in the United States (including Washington), and the mailing of a

10  copy of a letter to plaintiff's parent company in this state constitute purposeful availment.  The

11  first two types of conduct did not involve Washington at all: the possibility that certain acts may,

12  in time, lead to other acts within the state does not support the preemptive filing of suit in this

13  jurisdiction.  The last of these three actions occurred after this litigation was initiated and did not

14  give rise to plaintiff's claims.  Defendant has neither contracted with a resident of Washington

15  nor engaged in conduct aimed at, and having effect in, this state.  Ziegler, 64 F.3d at 473

16  (citations omitted).  Plaintiff has not, therefore, made a prima facie showing that defendant has

17  purposefully availed itself of the privilege of conducting activities in Washington.

18      (4) In the alternative, plaintiff invokes the nationwide jurisdictional analysis authorized

19  by Fed. R. Civ. P. 4(k)(2).  Rule 4(k)(2) is designed to correct a "gap in the enforcement of

20  federal law" which arises when a foreign defendant has contacts with the United States

21  sufficient to justify the application of United States law but has insufficient contacts with any

22  one state to satisfy the long-arm statute or meet the requirements of the Fourteenth Amendment.

23  Advisory Committee Notes to 1993 Amendments.  If (a) plaintiff's claim arises under federal

24  law, (b) defendant is beyond the jurisdictional reach of any state court of general jurisdiction,

25  and (c) defendant has sufficient minimum contacts with the United States as a whole such that

26  the maintenance of suit does not offend traditional notions of fair play and substantial justice,

27

28  ORDER GRANTING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION  – 3

1   jurisdiction over a foreign defendant is proper under Rule 4(k)(2).  Glencore Grain Rotterdam

2   B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1126 (9th Cir. 2002).

3           Plaintiff's claim of patent infringement under 35 U.S.C. §§ 271(a) and 281

4   satisfies the first condition of Rule 4(k)(2).  Despite alleging jurisdictional contacts with six

5   states, plaintiff addresses only the possibility of jurisdiction in Washington and does not even

6   attempt to show that the other five states cannot exercise personal jurisdiction over defendant.

7   Instead, plaintiff relies on a burden-shifting framework utilized in the Seventh Circuit to place

8   upon defendant the burden of identifying a state in which suit could proceed.

9           A defendant who wants to preclude use of Rule 4(k)(2) has only to name some
            other state in which the suit could proceed.  Naming a more appropriate state
10          would amount to a consent to personal jurisdiction there (personal jurisdiction,
            unlike federal subject-matter jurisdiction, is waivable).  If, however, the defendant
11          contends that he cannot be sued in the forum state and refuses to identify any other
            where suit is possible, then the federal court is entitled to use Rule 4(k)(2).  This
12          procedure makes it unnecessary to traipse through the 50 states, asking whether
            each could entertain the suit.
13

14

15  ISI Int'l, Inc. v. Borden Ladner Gervais LLP, 256 F.3d 548, 552 (7th Cir. 2001).  There is no

16  indication that the Ninth Circuit would adopt this interpretive model.  As noted above, plaintiff

17  has the burden of demonstrating that the Court may exercise personal jurisdiction over defendant

18  (Dole Food Co., 303 F.3d at 1108), and the Ninth Circuit has not shifted this burden when faced

19  with a claim of personal jurisdiction under Rule 4(k)(2).  See Glencore Grain, 284 F.3d at 1127

20  (noting that undeveloped record made it impossible to assess whether defendant was subject to

21  personal jurisdiction in any state court without shifting burden to defendant); AT&T v.

22  Compagnie Bruxelles Lambert, 94 F.3d 586, 590 (9th Cir. 1996) (plaintiff failed to show that

23  contacts in other states were (a) sufficient to confer jurisdiction in United States and

24  (b) insufficient to establish jurisdiction in those states).

25          The Seventh Circuit analysis puts defendants such as Aircraft Medical in an

26  untenable position: either identify a state in which suit can proceed, thereby waiving any

27

28  ORDER GRANTING MOTION TO DISMISS
    FOR LACK OF PERSONAL JURISDICTION  – 4

objections to personal jurisdiction in the courts of that state, or argue that your contacts with the United States are constitutionally insufficient and risk nationwide jurisdiction under Rule 4(k)(2).  Defendant has taken the position, as did the defendants in <u>Glencore Grain</u> and <u>AT&T</u>, that its contacts with the Food and Drug Administration and the United States Trademark Office, its importation and display of the allegedly infringing product at exhibitions in Georgia and New York, its retention of an attorney in Florida, and its response to plaintiff's complaint do not constitute minimum contacts with the United States as a whole.  Motion at 4-5.  In particular, defendant argues that its contacts with government agencies and its post-litigation correspondence with plaintiff do not count in the jurisdictional analysis.  The Court agrees.  Nor is it clear how defendant's retention of an attorney in Florida gave rise to the patent infringement claim at issue here.  That leaves only the importation and display of the allegedly infringing device in Georgia and New York.  If, as plaintiff contends, such acts were sufficient to confer personal jurisdiction, defendant would be subject to jurisdiction in Georgia and New York and thus would not be within the reach of Rule 4(k)(2).  <u>See</u> <u>Am. Tel. & Tel.</u>, 94 F.3d at 590 n.6.  Plaintiff has not met its burden of establishing jurisdiction under Rule 4(k)(2).

(5) Although plaintiff has requested permission to take jurisdictional discovery, it has not identified any issue regarding the extent or nature of defendant's contacts which needs to be investigated.  Thus, discovery is not likely to affect the outcome of the jurisdictional analysis.

(6) There is a significant dispute regarding whether defendant's contacts with the United States satisfy the minimum contacts requirement.  Plaintiff's alternative request for a transfer is denied in the absence of a prima facie showing that the transferee court would have jurisdiction over defendant.

(7) In its opening memorandum, defendant was apparently willing to concede that the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents authorized service of process according to the laws of Scotland, arguing that the delivery of the summons and complaint to the receptionist at defendant's shared office space did not comply with Scottish

ORDER GRANTING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION  – 5

law.  Motion at 11-12.  When plaintiff showed that its means of service complied with Scottish

law, defendant for the first time argued that such compliance is irrelevant because the Hague

Convention, taken together with the United Kingdom's declarations, requires that all service be

made through official channels.  Reply at 7-9.  This argument is both untimely and meritless.

By raising this argument in its reply memorandum, defendant deprived plaintiff of its

opportunity to respond.  In addition, the Hague Convention, the "applicable international

agreement" for purposes of Fed. R. Civ. P. 4(f)(2), expressly allows for service pursuant to the

internal laws of the receiving country.  Hague Convention, Art. 19.  Defendant's objections to

service are overruled.

(8) Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) is not based on the

pleadings of record.  Rather, defendant argues that "[t]he factual bases on which Saturn relies to

bring this suit are erroneous and speculative."  Motion at 13.  In the context of this motion to

dismiss, the Court is not at liberty to ignore factual allegations (such as the allegation that

defendant offered to sell an infringing product) simply because defendant says it will be able to

disprove the allegation.  Defendant's motion to dismiss under Rule 12(b)(6) is denied.

For all of the foregoing reasons, the Court finds that it lacks personal jurisdiction

over defendant Aircraft Medical Limited.  This matter is hereby DISMISSED.

DATED this 14th of June, 2006.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION   – 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER GRANTING MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION   – 7